**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4049

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY MCGILL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:19-cr-00308-RJC-DSC-3)

Submitted:  March 9, 2023                                                    Decided:  June 9, 2023

Before GREGORY, Chief Judge, and NIEMEYER and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney McGill pled guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced McGill to 151 months of imprisonment followed by three years of supervised release. On appeal, McGill's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court correctly classified McGill as a career offender. Although notified of his right to do so, McGill has not filed a pro se supplemental brief. For the reasons that follow, we affirm.

Because McGill did not object to his career offender designation before the district court, we review this issue for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Carthorne*, 726 F.3d 503, 510 (4th Cir. 2013) (applying plain error review when defendant failed to object in district court to whether prior offense qualified as crime of violence for career offender enhancement purposes). "To establish plain error, a defendant has the burden of showing: (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Carthorne*, 726 F.3d at 510. "When a defendant has established each of the above elements, the decision to correct the error remains within an appellate court's discretion, and . . . we will exercise that discretion only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

2

A defendant is subject to the career offender enhancement if he was at least 18 years old at the time he committed the instant offense of conviction; the instant offense is a felony that is either a crime of violence or a controlled substance offense; and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). A "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." USSG § 4B1.2 cmt. n.1. A controlled substance offense is any federal or state offense that prohibits "the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). A crime of violence is any offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) "is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." USSG § 4B1.2(a).

The record establishes that McGill was over 18 years old at the time he committed the instant controlled substance offense. Moreover, McGill has at least two prior convictions that qualify as predicate felonies. We therefore conclude that the district court did not plainly err in applying the career offender sentencing enhancement.

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal. Accordingly, we affirm McGill's conviction and sentence. This court requires that counsel inform McGill, in writing, of the right to petition

the Supreme Court of the United States for further review. If McGill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state a copy thereof was served on McGill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*